UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JERALD PERKINS** | **CIVIL DOCKET NO. 5:23-CV-00023** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WALMART STORES EAST L P, ET AL** | **MAGISTRATE JUDGE MARK L. HORNSBY** |

## ORDER

This case arises out of an alleged accident that occurred on October 22, 2021, at a Sam's Club in Bossier City, Louisiana that was owned and operated by the defendants, Wal-Mart Stores East, LP and Sam's East, Inc. ("Defendants" or "Sams"). Plaintiff alleges that he slipped and fell to the floor, sustaining injuries. [Doc. 1-2].

Before the Court now is a MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by Defendants, [Doc. 21]. Defendants argue, generally, that Plaintiff cannot meet his burden of proof under the Louisiana Merchant Liability Act, La. R.S. 9:2800.6 (the "Merchant Liability Act"), that Sams created or had actual or constructive knowledge of the allegedly hazardous condition. Defendants attach as an exhibit to the Motion a portion of Plaintiff's deposition transcript in which Plaintiff testifies that he has no knowledge of what caused him to fall. [Doc. 21-3]. Plaintiff has failed to timely file a response to the Motion or otherwise submit any summary judgment evidence to the Court.

1

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Louisiana law, the Defendants' potential liability for Plaintiff's alleged accident and injuries are governed by the Merchant Liability Act. Under the Merchant Liability Act, a plaintiff injured by a condition on a merchant's premises must prove: (i) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (ii) prior to the occurrence, the merchant either created or had actual or constructive notice of the condition which caused the damage; and (iii) the merchant failed to exercise reasonable care. *Massery v. Rouse's Enterprises, L.L.C.*, 2016-0121, p. 6 (La. App. 4 Cir. 6/29/16), 196 So. 3d 757, 761. A plaintiff's failure to affirmatively prove any one of these elements negates the plaintiff's cause of action. *Melancon v. Popeye's Famous Fried Chicken*, 2010-1109, p. 3 (La. App. 3 Cir. 3/16/11); 59 So. 3d 513, 515 (citing *White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97); 699 So. 2d 1081; *Ferrant v. Lowe's Home Centers, Inc.,* 494 F. App'x. 458, 460 (5th Cir. 2012)). Because the Plaintiff has failed to respond to the Defendants' Motion and the record otherwise contains no evidence creating a genuine dispute of material fact as to any of the essential elements of the Merchant Liability Act, summary judgment is appropriate.

IT IS HEREBY ORDERED that Defendants' MOTION FOR SUMMARY JUDGMENT [Doc. 21] is GRANTED.

IT IS FURTHER ORDERED that all claims asserted by Plaintiff against Defendants Wal-Mart Stores East, LP and Sam's East, Inc. are DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 2ND day of November, 2023.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE